John R. Clifford, Esq. (SBN 124203)
Marty B. Ready, Esq. (SBN 239135)
Chelsea Gaudet, Esq. (SBN 355739)
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101-8484
(619) 321-6200 Telephone
(619) 321-6201 Facsimile
Email: John.Clifford@wilsonelser.com
Email: Marty.Ready@wilsonelser.com
Email: Chelsea.Gaudet@wilsonelser.com

Attorneys for Defendants, Everything in Excellence Recovery LLC
and Cari Passmore

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company,<br><br>                         Plaintiff,<br><br>v.<br><br>SOUTH COAST BEHAVIORAL HEALTH LLC; EXCELLENCE RECOVERY, LLC; EVERYTHING IN EXCELLENCE RECOVERY LLC; CARI PASSMORE; RAD LIFE RECOVERY, LLC; BRETT PERSHALL; RANDALL EISWORTH;<br><br>                         Defendants. | Case No. 2:24-cv-10683-MWC-AJR<br><br>Judge Hon. Michelle Williams Court Courtroom 6A<br><br>**DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION AND MOTION TO DISMISS BLUE CROSS AND BLUE SHEILD OF OKLAHOMA'S COMPLANIT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6);MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARTY B READY** |

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1                                                                      2:24-cv-10683-MWC-AJR

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 18, 2025 at 1:30 p.m., or as soon thereafter as the matter shall be heard before the Honorable Michelle Williams Court, United States District Judge, in Courtroom 6A, 6th Floor of the United States Courthouse located at First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, defendants Everything in Excellence Recovery, LLC ("EIE") and Cari Passmore ("Passmore" and collectively, "Defendants"), by and through their attorneys of record, will and hereby do move the Court for an order dismissing the Complaint of Blue Cross and Blue Shield of Oklahoma, a division of Health Care Service Corporation ("Plaintiff"), alleging fraud, racketeering (18 U.S.C. §§ 1961-1968), negligent misrepresentation, intentional interference with economic/contractual relationships, aiding and abetting tortious conduct, unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*,) money had and received, unjust enrichment, quantum meruit, and restitution for failure to state a claim and to allege fraud with sufficient particularity pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). In addition, Defendants' move to dismiss Plaintiff's Complaint as all claims are barred by the applicable statute of limitations.

This motion is based on the accompanying memorandum of points and authorities and declaration of Marty B. Ready, the files and records in this case, upon such matters as the Court may take judicial notice, and on such further evidence and argument as may be presented at any hearing of this motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

1    This motion is made following meet and confer discussions by counsel for the

2    parties pursuant to Local Rule 7-3, which took place telephonically on March 5,

3    2025. *See* Declaration of Marty B. Ready, ¶¶ 1-2.

4

5

6    Dated:  March 10, 2025              **WILSON, ELSER, MOSKOWITZ,**
                                        **EDELMAN & DICKER LLP**

7

8                          By:  */S/ Marty B. Ready*
                                Marty B. Ready, Esq.
9                               Chelsea Gaudet, Esq.
                                Attorneys for Defendants,
10                              Everything in Excellence Recovery LLC
                                and Cari Passmore

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)
309524558v.1                                                2:24-cv-10683-MWC-AJR

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ...................................................................................1

II.  DISCUSSION ........................................................................................3

    A.  THE COMPLAINT FAILS TO ALLEGE FRAUD WITH PARTICULARITY ..........................................................3

        1.  The Complaint Does Not Allege EIE and Passmore Made False Statements to BCBSOK ...................................4

        2.  The Complaint Does Not Allege EIE and Passmore were "working with" Defendant Eisworth to submit False Information to BCBSOK ............................................6

        3.  The Complaint Does Not Allege EIE and Passmore's Inducement of Patients to submit False Information to BCBSOK .....................................................................7

    B.  UNDER RULES 8 AND 9(B), THE COMPLAINT FAILS TO STATE VALID RICO CLAIMS IN VIOLATION OF 18 U.S.C. § 1962 ........................................................................10

    C.  THE REMAINING CLAIMS ALL SOUND IN FRAUD AND FAIL TO SATISFY RULE 9(B)....................................14

    D.  THE RICO CLAIM IS TIME-BARRED DUE TO PLANITFF'S FAILURE TO EXERCISE REASONABLE DILIGENCE IN INVESTIGATING ITS INJUIRES AND ITS CLAIM ......................14

    E.  ALL OTHER CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS ........................................19

        1.  Fraud and Fraudulent Concealment ..........................................19

        2.  Negligent Misrepresentation ....................................................20

        3.  Intentional Interference with Contractual Relationships ..........20

        4.  Aiding and Abetting Tortious Conduct .....................................21

        5.  Violation of Business && Professions Code § 17200.............21

        6.  Money Had and Received .........................................................22

        7.  Unjust Enrichment/Quantum Meruit/ Restitution ...................23

III.  CONCLUSION.....................................................................................23

i

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1    2:24-cv-10683-MWC-AJR

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
    483 U.S. 143 (1987)...............................................................................13

*Agric. Water v. Occidental Oil & Gas Corp.*,
    235 F. Supp. 3d 1132 (E.D. Cal. 2017) ..............................................12

*Ahmed v. Rosenblatt*,
    118 F.3d 886 (1st Cir. 1997)...............................................................11

*American United Life Ins. Co. v. Martinez*,
    480 F.3d 1043 (11th Cir. 2007) ..........................................................11

*Aryeh v. Canon Business Solutions, Inc.*,
    55 Cal.4th 1185 (2013) .......................................................................20

*Aversano v. Santander Bank, N.A.*,
    828 F. App'x 109 (3d Cir. 2020) ........................................................15

*B&G Foods N. Am., Inc. v. Embry*,
    638 F. Supp. 3d 1122 (E.D.Cal. 2022) ................................................4

*Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*,
    377 F.3d 682 (7th Cir. 2004) ..............................................................13

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 162 (9th Cir. 2019) ................................................................3

*Bishop v. Wells Fargo & Co.*,
    823 F.3d 35 (2d Cir. 2016) ...................................................................3

*Bontkowski v. First Nat'l Bank of Cicero*,
    998 F.2d 459 (7th Cir. 1993) ..............................................................16

*United States ex rel. Bookwalter v. UPMC*,
    946 F.3d 162 (3d Cir. 2019) .................................................................3

*Broberg v. The Guardian Life Ins. Co. of America*,
    171 Cal.App.4th 912, 920-921 (2009)................................................20

ii

*Cada*, 920 F.2d at 451 ...................................................................................15

*Cetel v. Kirwan Fin. Grp., Inc.*,
    460 F.3d 494, 506-09 (3d Cir. 2006) ..................................................14

*County of San Luis Obispo v. Farnum*,
    108 Cal. 567, 568 (1895) ...................................................................21

*Creditors Collection Service v. Castaldi*,
    38 Cal.App.4th 1039, 1043 (1995) .....................................................22

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ............................................................8, 9

*Edmonson v. Eagle Nat'l Bank*,
    922 F.3d 535 (4th Cir. 2019) ...............................................................4

*Eller v. EquiTrust Life Ins. Co.*,
    778 F.3d 1089 (9th Cir. 2015) ............................................................11

*Elliott v. Foufas*,
    867 F.2d 877 (5th Cir. 1989) ..............................................................10

*Evans v. Ariz. Cardinals Football Club, LLC*,
    761 F. App'x 701 (9th Cir. 2019).........................................................13

*Federal Deposit Ins. Corp. v. Dintino*,
    167 Cal.App.4th 333 (2008) ..........................................................21, 22

*Fields v. Wise Media, LLC*,
    2013 WL 3187414 (N.D. Cal. June 21, 2013)......................................13

*Forbes v. Eagleson*,
    228 F.3d 471 (3d Cir. 2000) ..........................................................15, 16

*Great American Insurance Company v. Mowforth*,
    2020 WL 12216543 (N.D. Cal. Dec. 1, 2020)......................................13

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ..........................................................13, 17

*Hopper v. Solvay Pharm., Inc.*,
    588 F.3d 1318 (11th Cir. 2009) ............................................................3

iii

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1                                                    2:24-cv-10683-MWC-AJR

*J. Geils Band Employee Ben. Plan v. Smith Barney Shearson, Inc.*,
   76 F.3d 1245 (1st Cir. 1996) ................................................................15

*Jay E. Hayden Found. v. First Neighbor Bank, N.A.*,
   610 F.3d 382, 388 (2010) ......................................................................15

*Kaufman v. CVS Caremark Corp.*,
   836 F.3d 88 (1st Cir. 2016) .....................................................................3

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (2009) ............................................................................13

*Klehr v. A.O. Smith Corp.*,
   521 U.S. 179 (1997) ..................................................................14, 15, 17

*Lazar v. Superior Court*,
   12 Cal.4th 631 (1996) .............................................................................2

*Lehman v. Lucom*,
   727 F.3d 1326 (11th Cir. 2013) ............................................................17

*Lovejoy v. AT&T Corp.*,
   92 Cal.App.4th 85 (2001) ........................................................................2

*Martinez Tapia v. Chase Manhattan Bank, N.A.*,
   149 F.3d 404 (5th Cir. 1998) ................................................................14

*Mathews v. Kidder, Peabody & Co., Inc.*,
   260 F.3d 239 (3d Cir. 2001) .................................................................14

*McCool v. Strata Oil Co., 972 F.2d 1452,1465 (1992) ...........................18

*In re Merrill Lynch Ltd. P'ships Litig.*,
   154 F.3d 56 (2d Cir. 1998) ..............................................................14, 16

*Merrill Lynch, Pierce, Fenner & Smith*,
   1994 WL 88129 at *11 (N.Y.S.D. March 15, 1994) .............................12

*Morin v. Trupin*,
   711 F.Supp. 97 (S.D.N.Y. April 13, 1989) ...........................................13

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*,
   44 F.4th 393 (6th Cir. 2022) ...................................................................3

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007) (en banc) ..........................................................8, 11

*Olson v. Fairview Health Servs. Of Minnesota*,
831 F.3d 1063 (8th Cir. 2016) ...................................................................................3

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994), overruled on other grounds by
*Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (en banc), aff'd,
140 S. Ct. 355 (2019) ................................................................................................15

*Pincay v. Andrews*,
238 F.3d 1106 (9th Cir. 2001) .................................................................................13

*Pocahontas Supreme Coal Co. Inc. v. Bethlehem Steel Corp.*,
828 F.2d 211 (4th Cir. 1987) ...................................................................................16

*Poling v. K. Hovnanian Enters.*,
99 F. Supp. 2d 502 (D.N.J. 2000).............................................................................16

*United Food & Commer. Worker Unions & Emplrs. Midwest Health*
*Bens. Fund. v. Walgreens,* 719 F.3d 848, 855-856 (7th Cir. 2013).....................12

*United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*,
836 F.3d 770 (7th Cir. 2016) .....................................................................................3

*Prudential Ins. Co. of Am. V. U.S. Gypsum Co.*, 359 F.3d 226, 235-36
(3d Cir. 2004)......................................................................................................14, 16

*Puri v. Khalsa*,
674 Fed.Appx. 679 (9th Cir. Jan. 6, 2017) ............................................................13

*R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK)
2016 U.S.Dist.LEXIS 156727 (N.D.Cal. Nov. 11, 2016) ...................................18

*Reves v. Ernst & Young*, 507 U.S. 170, 189-179 (1993) .........................................11

*Rosenberg-Wohl v. State Farm Fire & Casualty Co.*,
16 Cal.5th 520 (2024) ...............................................................................................20

*Rotella v. Wood,* 528 U.S. 549, 555 (2000)............................................................13

*Samuels v. Mix*,
22 Cal.4th 1(1999) ....................................................................................................18

v

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ....................................................................9, 11, 12

*Sasser v. Amen*,
    No. C 99-3604 SI, 2001 WL 764953 (N.D. Cal. July 21, 2001),
    aff'd, 57 F. App'x 307 (9th Cir. 2003) ....................................................17

*Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*,
    782 F.3d 922 (7th Cir. 2015) ....................................................................15

*Simpson v. Putnam Cnty. Nat'l Bank of Carmel*,
    20 F. Supp. 2d 630 (S.D.N.Y. 1998) ........................................................16

*U.S. ex rel. Spicer v. Westbrook*,
    751 F.3d 354 (5th Cir. 2014) ......................................................................3

*Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*,
    781 F.3d 1003 (8th Cir. 2015) ....................................................................4

*U.S. v. Tavelman*,
    650 F.2d 1133 (9th Cir. 1981) ....................................................................9

*U.S. v. Winslow*,
    962 F.2d 845 (9th Cir. 1992) ......................................................................9

*Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ....................................................................3

*Vaca v. Wachovia Mortgage Corp.*,
    198 Cal.App.4th 737 (2011) ......................................................................20

*Vaughan v. Wardhaugh*,
    2025 WL 251694 (N.D. Cal. Jan 21, 2025).............................................12

*Vess v. Ciba–Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir.2003) ....................................................................13

*Wolin v. Smith Barney Inc.*,
    83 F.3d 847 (7th Cir. 1996) ......................................................................14

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

**Statutes**

18 U.S.C. § 1343 ................................................................................................9

18 U.S.C. § 1952 ................................................................................................9

18 U.S.C. § 1961(1) ...........................................................................................9

18 U.S.C. § 1961 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1962 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1963 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1964 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1965 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1966 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1967 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1968 (RICO Act)........................................ 8, 10, 11, 12, 13, 14, 15, 17

18 U.S.C. § 1962 ................................................................................................8

18 U.S.C. § 1962(c) ......................................................................................8, 12

18 U.S.C. § 1962(d) ...........................................................................................12

74 OK Stat § 3404..............................................................................................10

Ca.. Bus. & Prof. Code § 17208 .......................................................................20

Cal. Bus. & Prof. Code § 17200 ..................................................................20, 21

Cal. Bus. & Prof. Code § 17200 *et seq*. (Unfair Competition Law).................12, 20

Cal. Health & Safety Code § 445.......................................................................10

Cal. Health & Safety Code § 11831.6 ...............................................................10

Cal. Ins. Code § 750..........................................................................................10

Cal. Ins. Code § 1871.4.....................................................................................10

Cal. Ins. Code § 1871.7 ................................................................................10

Cal. Penal Code § 549 ..................................................................................10

Code Civ. Proc. § 338(d) ...............................................................18, 21, 22

Code Civ. Proc. § 339(1) ......................................................................19, 21

**Rules**

18 U.S.C. § 1341 ............................................................................................9

18 U.S.C. § 1961(5) ......................................................................................9

Fed. R. Civ. P. 8 .............................................................8, 9, 10, 11, 12, 22

Fed. R. Civ. P. 9(b) ............................................2, 8, 11, 12, 13, 22

Fed. R. Civ. P. 12(b)(6).............................................................................22

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Excellence in Recovery LLC ("EIE") and Cari Passmore ("Passmore" and collectively, "Defendants") hereby move to dismiss the Complaint of Plaintiff Blue Cross and Blue Shield of Oklahoma, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company ("Plaintiff" or "BCBSOK"). Plaintiff's Complaint fails for two reasons: 1) failure to state a claim for relief and allege fraud with particularity pursuant to Fed. R. Civ. Proc. 12(b)(6) and 9(b); and 2) Plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff's Complaint takes a shotgun approach to pleading with no specificity in its allegations against Defendants. For example, Plaintiff defines four defendants as "Body Brokering Defendants," including EIE and Passmore, which term permeates the Complaint, and never independently addresses the acts and/or omissions of the individual defendants comprising this group. (Complaint, ¶15.) The Complaint compounds this issue by at one point stating that "the body brokers and sober living operators are one and the same." (Complaint, ¶58.) But by aggregating defendants in such a manor, the Complaint is doomed to fail at the outset as it is impossible for Plaintiff to satisfy the particularity requirement of Fed. R. Civ. Proc. 9(b). As expected with a shotgun pleading tactic, the Complaint is replete with conclusory allegations related to purported acts of the "Body Brokering Defendants" and not specifically tailored to any one identified defendant. Because Plaintiff's Complaint alleges fraud and all causes of action sound in fraud, under Fed. R. Civ. Proc. 9(b), Plaintiff's fraud allegations must be pled with particularity including the who, what, when, where, and how as it relates to allegations against Defendants. The Complaint, however, completely lacks the specificity required and must be dismissed.

/ / /

/ / /

As to Defendants, the Complaint alleges that "EIE engaged in body brokering patients to SCBH and then provided free housing to BCBSOK members receiving treatment in exchange for kickbacks out of insurance payments." (Complaint, ¶13.) "EIE, through Passmore, also coordinated with others to assist with fraudulent enrollments." (Complaint, ¶12.)

Body Brokering is described as "improperly" enticing patients into detox programs by tracking down individuals that might need treatment and attempting to coerce them into enrolling at South Coast Behavioral Health, LLC ("SCBH") through promises of, inter alia, free treatment. Passmore is alleged to have engaged in "body brokering" activities by initiating contact with potential patients by "scouring numerous Facebook groups where individuals discuss SUD treatment…" (Complaint, ¶60.)

The Complaint alleges that the process through which SCBH billed insurance for treatment to its patients then referred the patients to the sober living houses with which SCBH had "bed voucher" agreements is a "kickback" to the operators of the sober living houses. (Complaint, ¶¶ 12, 13.)

Body Broker Defendants are alleged to have received this "kickback" which gave the broker priority to house the patients they brokered after detox. (Complaint, ¶76.) SCBH, in turn, "split" the insurance payments with Body Broker Defendants. "Put another way, the "bed voucher" that gave them the priority to house the patients was monetized." (Complaint, ¶¶ 78-80.)

Defendant EIE is stated to have provided "free" housing in exchange for "kickbacks" out of insurance payments. (Complaint, ¶ 12.) The "free" housing refers to patients staying at treatment facilities without paying out of pocket for the living expenses. The Complaint alleges that "patients lived for free on the condition that they allowed SCBH to bill their insurance." (Complaint, ¶78.)

/ / /

/ / /

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1                                                                    2:24-cv-10683-MWC-AJR

Collectively, the allegations in Plaintiff's Complaint do not provide the requisite particularity for fraud claims, RICO claims, or any claims that sound in fraud. Accordingly, every cause of action asserted by Plaintiff must be dismissed for failure to satisfy Rule 9(b)'s pleading standard, and in any event, is barred by the applicable statute of limitations.

## II.    DISCUSSION

### A.    THE COMPLAINT FAILS TO ALLEGE FRAUD WITH PARTICULARITY

Under California law, the essential elements of a fraud cause of action are a misrepresentation, that is, a false representation or a concealment or nondisclosure of a material fact; knowledge of falsity or scienter; intent to defraud, i.e., to induce reliance; justifiable reliance; and resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). In the case of a fraudulent concealment claim, a plaintiff must prove that (1) defendant concealed a material fact; (2) defendant had a duty to disclose the fact to plaintiff; (3) defendant intentionally concealed the fact with intent to defraud plaintiff; (4) plaintiff was unaware of the fact and would not have acted as it did if it had known of the concealed fact; and (5) as a result of such concealment, plaintiff sustained damage. *Lovejoy v. AT&T Corp.*, 92 Cal.App.4th 85, 96 (2001).

All Defendants are alleged to have made material misrepresentations to BCBSOK in enrollment applications and claim forms by (1) stating that every defendant complied with applicable laws-when instead the defendants were involved in an illegal scheme involving kickbacks, and (2) that the forms themselves were accurate-when instead the forms lied about residency, qualifying events, and annual income. (Complaint, ¶¶88, 91, 92.) The Complaint alleges that "body broker" defendants worked with Defendant Eisworth to enroll patients in BCBSOK policies based upon fraudulent information. As to Defendant Passmore, the Complaint alleges that Passmore conspired with an unknown individual to obtain "a P.O. Box to meet the residency requirements for insurance enrollment." (Complaint, ¶63.)

3

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)
309524558v.1                                                        2:24-cv-10683-MWC-AJR

As described below in more detail, Plaintiff failed to identify specific material misrepresentations and/or omissions on the part of EIE and/or Passmore. At best, the Complaint includes conclusory allegations completely lacking the requisite who, what, when, where, and how under Rule 9(b).

**1.** **The Complaint Does Not Allege EIE and Passmore Made False Statements to BCBSOK**

Courts generally hold that the "circumstances" required to be stated with particularity consist of some combination of the "who, what, where, when and how" of the alleged misrepresentation and an explanation as to why the representation is false or misleading. *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176–177 (3d Cir. 2019); *Kaufman v. CVS Caremark Corp*., 836 F.3d 88, 91 (1st Cir. 2016); *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) ("plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story' "); *Olson v. Fairview Health Servs. of Minnesota,* 831 F.3d 1063, 1070 (8th Cir. 2016); *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014); *Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011); *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1327 (11th Cir. 2009). For a showing of fraud, the Complaint "must state with particularity the circumstances constituting fraud: what was the false statement; when was it made; to whom; and so on." *B&G Foods N. Am., Inc. v. Embry*, 638 F. Supp. 3d 1122, 1133 (E.D. Cal. 2022).

The complaint must also " '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 411 (6th Cir. 2022); *Bishop v. Wells Fargo & Co*., 823 F.3d 35, 43 (2d Cir. 2016); *see Becerra v. Dr Pepper/Seven Up, Inc*., 945 F.3d 162, 176–177 (9th Cir. 2019) (plaintiff must set forth what is false or misleading about a statement and why it is false). The complaint

4

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1                                                                    2:24-cv-10683-MWC-AJR

should also state what was obtained as a result of the fraud. *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015); *see Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019).

Here, the Complaint fails to identify any alleged fraudulent statements EIE and/or Passmore made to BCBSOK. The Complaint merely concludes EIE was allegedly paid by SCBH, not BCBSOK, through a "bed voucher," but importantly, never alleges EIE and/or Passmore ever **submitted insurance claims** to BCBSOK. Further, **neither EIE nor Passmore is alleged to have submitted insurance applications to BCBSOK**. Glaringly absent from the Complaint are any allegations that anyone from EIE or Passmore had any direct contact with BCBSOK at any given point in time. Thus, the Complaint fails to allege facts to support that Passmore or EIE made any false statement at all to BCBSOK.

To demonstrate fraud as to defendants collectively, Plaintiff attached five (5) voluminous Exhibits purporting to show the fraudulent claims submitted for payment to BCBSOK. Not one entry in the 906 pages of data attached in support of Plaintiff's Complaint is linked in any way to EIE and/or Passmore.

For example, Exhibit A is alleged to contain all of the BCBSOK members that were enrolled by Defendant Eisworth. The Exhibit does not indicate which of the members were dishonest on their applications or demonstrate that EIE and/or Passmore had any connection with the enrollment of these members. Further, Exhibit B and Exhibit C are alleged to contain fraudulent claims submitted by SCBH and Excellence Recovery, respectively, but a review of these exhibits, and their attendant Complaint allegations, lack any connection with EIE and/or Passmore, and the Complaint concedes these claims are only connected to SCBH and Excellence Recovery.

Plaintiff's shotgun pleading tactic completely falls apart as to EIE and Passmore upon review of Exhibits D and E attached to the Complaint. These exhibits are alleged to contain BCBSOK's payments for claims submitted relative to

treatment for members "A" and "B" referenced throughout the Complaint. (Complaint, ¶¶68-75, 90.) Exhibits D and E contain no references whatsoever to either EIE and/or Passmore – the provider listed is SCBH. Furthermore, neither EIE nor Passmore are alleged to have had any contact with member "B." As to member "A", as discussed above, there are no allegations that EIE or Passmore had any contact with member "A" until member "A" treated at EIE, long after member "A" was already enrolled in BCBSOK. (Complaint, ¶79.) Simply put, the purported evidence Plaintiff submits as attachments to its Complaint completely fails to connect EIE and/or Passmore to any activities related to claims being submitted to BCBSOK, brokering activities of Eisworth in Oklahoma, or payments received from BCBSOK. And for purposes of pleading with particularity, the Complaint lacks any allegations regarding the who, what, when, where, and how as it relates to alleged fraudulent statements by EIE and/or Passmore. Accordingly, Plaintiffs have failed to allege any statement that EIE or Passmore made or failed to make to BCBSOK that was false or concealed with the requisite particularity under Rule 9(b).

## 2. The Complaint Does Not Allege EIE and Passmore were "working with" Defendant Eisworth to submit False Information to BCBSOK

The Complaint alleges that "body broker" defendants "worked with" Defendant Eisworth to enroll patients in BCBSOK policies based upon fraudulent information. It is alleged that Eisworth "instructed individuals to lie about their annual income, employment status, and residency, so they would be eligible for BCBSOK plans and government subsidies." (Complaint, ¶66.)

The Complaint concludes that Passmore and other "Body Broker" defendants utilized Eisworth to perform the actual enrollment process because they were not qualified or licensed to do so. (Complaint, ¶64.) However, there are no allegations that any patient besides "member A" had any contact with both Eisworth and EIE

and/or Passmore. There are no facts alleged to support the contention that EIE or Passmore were aware that insurance applications had been falsified. Indeed, there are no facts alleged to support that EIE or Passmore ever contacted Eisworth at all.

It is not alleged that EIE and/or Passmore had any contact with "member A" prior to "member A"'s stay at EIE. There are no facts alleged to support that EIE or Passmore had any contact with Rad Life, or Defendant Pershall. The entirety of the Complaint's contention that Defendants were connected with Eisworth relies on a coincidence that "member A" was allegedly dishonest on their insurance application, and then stayed at both SCBH and EIE thereby somehow connecting EIE and/or Passmore to an alleged fraudulent scheme. Rule 9(b) requires more, and Plaintiff must allege who contacted "member A" from EIE, what was stated to "member A," when the contact was made, where it was made, and how. None of these allegations are found anywhere in Plaintiff's Complaint. Thus, the Complaint fails to state with particularity that EIE or Passmore worked with Eisworth to submit false information to BCBSOK.

### 3. The Complaint Does Not Allege EIE and Passmore's Inducement of Patients to submit False Information to BCBSOK

The Complaint does not allege facts to support its conclusion that EIE and/or Passmore initiated contact with potential patients who enrolled in BCBSOK's health insurance. Although the Complaint attempts to make such a connection by copying and pasting communications of Passmore from Facebook posts, none of the posts can reasonably be interpreted as connecting EIE and/or Passmore to a fraudulent scheme. (*See* Complaint, ¶¶59-64.) The allegations only demonstrate that Passmore responded to an unidentified person on Facebook offering "help" with getting an addict into treatment in California (note that EIE is located in Arizona); and that she provided her phone number and offered to discuss "options" in response to a person asking about "free rehabs" who stated that they had no insurance and had no proof of residency in Oklahoma. (*See* Complaint, ¶¶60-61.) Passmore's post does not

7

mention free rehabilitation, insurance, the procurement of identification, or residency. It merely offers to discuss "options out of state." (*Id.*)

The Complaint never alleges that either of the persons involved in the Facebook exchange with Passmore applied for insurance with defendant Eisworth, or that either of them subsequently received treatment at SCBH, Rad Life, or EIE. In fact, nothing is alleged beyond this brief contact on Facebook. However, it is not improper for the owner of a substance abuse treatment facility to offer their services to addicts who inquire on social media about finding resources. Nor is it improper to merely refer a patient to a facility. Contrary to the Complaint's unsupported picture it paints of EIE and/or Passmore, such actions should be lauded.

In fact, the Complaint does not allege that Passmore contacted any specific patient who then procured insurance with BCBSOK from Eisworth, received treatment at SCBH and subsequently stayed at EIE. It merely concludes that "member A" was "brokered" by Passmore (Complaint, ¶79) based upon the allegations that "member A" was dishonest about her income on her insurance application with Eisworth (Complaint, ¶¶68-73), received treatment at SCBH, and then stayed at the EIE sober living home operated by Passmore. (Complaint, ¶79.) The Complaint never alleges that Passmore had any contact with Eisworth related to "member A", contacted "member A" prior to "member A" choosing to obtain insurance and treat at SCBH or that Passmore influenced "member A" to be dishonest on her insurance application or in any way was connected to "member A"'s enrollment. The allegations regarding "member A" are lacking any pertinent facts. Although "member A" is alleged to have been dishonest on their insurance application, there are no facts alleged that EIE and/or Passmore ever influenced "member A" to provide any information to the insurance company.

Undeterred in its efforts to connect EIE and/or Passmore to a fraudulent scheme, the Complaint continues and contains a specious allegation that Passmore conspired with an unknown individual to obtain "a P.O. Box to meet the residency

requirements for insurance enrollment." (Complaint, ¶63.) In this regard, the Complaint explains that "Applicants must be residents of Oklahoma, which requires submitting an Oklahoma address in the application. Once enrolled, they must remain as residents of the service area in order to be covered under the terms of the plan. If they move outside of the service area, their coverage will terminate." (Complaint, ¶41.)

In support of this unfounded contention, the Complaint contains a screenshot of a text exchange between "Cari" and an unnamed individual. (Complaint, ¶63.) The allegation concludes that Passmore participated in a text exchange over an undetermined amount of time in which she mentions asking "him what he needed" and needing to find a United insurance agent. (*Id.*) The other (unnamed) participant in the text exchange mentions having two PO Boxes in the unnamed participant's name and asks Passmore if she needs the addresses, to which she responds "Yes" and "Send em." (*Id.*) The text message exchange does not include date and time information to determine the length of time which passed between messages, and therefore it is unclear if it is a single conversation, or if the text exchanges are unconnected to each other. The texts do not mention "residency requirements," addicts or patients, and do not contain the addresses of the PO Boxes to determine whether they are Oklahoma addresses (which the Complaint notes is required for coverage by BCBSOK). The only mention of insurance is the need to find a United Insurance agent, not BCBSOK. (*Id.*) The Complaint does not allege that the person being discussed in the text exchange was subsequently enrolled in BCBSOK, that the person ever contacted or received any insurance through Eisworth, or that the person even was treated at either SCBH or EIE.

The complete lack of specificity as to Defendants is fatal to Plaintiff's Complaint. Plaintiff has failed to allege any contact with any specific patient by Passmore or anyone else at EIE prior to that patient enrolling in BCBSOK health insurance. Plaintiff's fraud claim fails as a matter of law and must be dismissed.

9

**B.    UNDER RULES 8 AND 9(B), THE COMPLAINT FAILS TO STATE VALID RICO CLAIMS IN VIOLATION OF 18 U.S.C. § 1962**

Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), a plaintiff must allege defendant's participation "in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity." *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). An "enterprise" can be a single entity or a group of entities and/or individuals "associated in fact" but a plaintiff must plead facts showing that the enterprise has (a) a common purpose, (b) a structure or organization, and (c) longevity necessary to accomplish the purpose. *Eclectic Properties East*, 751 F.3d at 997 (9th Cir. 2014). A "pattern" requires at least two acts of racketeering activity, which includes various crimes under federal law and state laws. 18 U.S.C. § 1961(1), (5).

Here, the Complaint alleges that the racketeering activity consisted of the predicate acts of mail and wire fraud (18 U.S.C. §§ 1341, 1343) and interstate travel and interstate use of facilities in furtherance of unlawful activity (18 U.S.C. § 1952), namely, "bribery" in violation of various federal and state laws. (Complaint ¶¶104-109.) Mail or wire fraud requires a plaintiff to prove "(1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010); *Eclectic Properties East*, 751 F.3d at 997. The essential elements of a Section 1952(a)(3) violation are the defendant's (1) travel in or use of the facilities of interstate commerce, (2) with intent to promote or carry on an unlawful activity, including "bribery" in violation of

federal or state law, and (3) subsequent overt act in furtherance of that unlawful activity. *See U.S. v. Winslow*, 962 F.2d 845, 852 (9th Cir. 1992)*; U.S. v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981).

However, the Complaint fails to allege facts plausibly establishing EIE's and/or Passmore's racketeering. Notably, the Complaint's pleading of EIE's participation in three (3) different *alternative* association-in-fact enterprises – one consisting all "Defendants", another limited to SCBH, Excellence Recovery, and Body Broker Defendants, and a third which consists of Body Broker Defendants and Eisworth– underscores Plaintiff's own factual uncertainty about the existence of an enterprise with a common purpose, even if technically permissible as a matter of pleading.[1] (*See* Complaint ¶¶ 99, 101-102.) Since, as already detailed above, there are no factual allegations showing that co-defendant Eisworth had any contact with or knowledge of EIE, Passmore, and the other co-defendants, or vice versa, the Complaint's allegation that EIE and/or Passmore participated in any enterprise with him fails for lack of factual support.

Likewise, as previously discussed, the Complaint fails to allege that the second alleged enterprise existed or had a common purpose when there are no factual allegations showing that SCBH paid "kickbacks" to co-defendants Excellence Recovery, RAD Life, EIE, Pershall or Passmore for illegally "luring" BCBSOK members to SCBH with promises of free services, provided "kickbacks" or "bribes" to treated members in the form of cost share waivers and free sober living housing furnished by these co-defendants, or ever falsely certified that its BCBSOK claims did not violate kickback or bribery laws. Absent any specific facts plausibly establishing that the alleged enterprise even existed, the Complaint's RICO claim

---

[1] For the same reason, the plausibility of Plaintiff's racketeering claim is undermined by its alternative claims of negligent misrepresentation, money had and received, and unjust enrichment/quantum meruit/restitution.

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

fails to satisfy Rules 8 and 9(b). *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) (to avoid dismissal of a RICO claim, "a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise").

Moreover, the Complaint fails to allege how EIE and/or Passmore participated in the operation or management in the affairs of an enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 189-179 (1993). The Complaint lacks any allegations addressing this requirement. The Complaint simply alleges the normal commercial activity of EIE and/or Passmore related to providing sober living housing but fails to allege how specifically EIE and/or Passmore participated in the operation or management in the affairs of the enterprise. *See United Food & Commer. Worker Unions & Emplrs. Midwest Health Bens. Fund. v. Walgreens,* 719 F.3d 848, 855-856 (7th Cir. 2013) (finding the allegations in the complaint failed to indicate how the cooperation exceeded that inherent in every commercial transaction between a drug manufacturer and pharmacy). Without more, the RICO claim does not satisfy the operation and management test required to maintain a RICO claim under 1962(c).

As for the alleged predicate acts, as previously described with respect to the fraud claim, the Complaint alleges no facts establishing that anyone at EIE, including Passmore, committed mail and wire fraud or engaged in interstate travel or the use of interstate facilities (i.e., mail or wires) to further "bribery" (presumably viewed by Plaintiff as synonymous with kickbacks) in violation of 74 OK Stat § 3404, Cal. Penal Code § 549, Cal. Ins. Code §§750, 1871.4, 1871.7, and Cal. Health & Safety Code §§ 445, 11831.6. (*See* Complaint ¶109.) The Complaint contains no factual allegations – including any description, name or date – establishing that EIE, Passmore, or any co-defendant actually traveled interstate or used the mail or interstate wires to further "bribery" in the form of kickbacks, whether through the BCBSOK billing process or otherwise.

Importantly, mail and wire fraud claims based on fraudulent omissions must establish that the defendant had a duty to disclose the omitted facts. *Eller v.*

*EquiTrust Life Ins. Co.,* 778 F.3d 1089, 1092 (9th Cir. 2015); *American United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1065 (11th Cir. 2007). As discussed above, Passmore and EIE are not alleged to have submitted any insurance claims or applications - false or otherwise. Additionally, no facts are alleged to support the contention that Passmore knew that the applications were falsified, as she is not alleged to have had any contact with defendant Eisworth. Because Passmore and EIE were not involved in the insurance claim process, they cannot have participated in mail or wire fraud. Similarly, it is not alleged in the Complaint that Passmore ever traveled anywhere nor that she directed an agent of EIE to travel anywhere. It should be noted that the interstate travel alleged in the Complaint is between Oklahoma and California, and that EIE is located in Arizona. (Complaint, ¶12.)

Given the above, the Complaint's allegations supporting the RICO claims are woefully deficient and fail to satisfy Rules 8 and 9(b). *Odom*, 486 F.3d at 554 (Rule 9(b) applies to mail and wire fraud allegations when used as predicate acts for a RICO claim); *Sanford*, 625 F.3d at 557-558 (same); *see Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997) (under Rule 9(b), RICO pleadings of mail and wire fraud must "state the time, place and content of the alleged mail and wire communications perpetrating that fraud"); *Merrill Lynch, Pierce, Fenner & Smith*, 1994 WL 88129 at *11 (N.Y.S.D. March 15, 1994) (dismissing RICO claim predicated on mail and wire fraud where "sweeping allegation that "the Royal–Prudential Defendants' caused the listed communications to be made impermissibly collectivizes the defendants, failing to inform each of these defendants of the specific communications it is alleged to have made or caused to be made in furtherance of the fraudulent scheme").

Accordingly, the Complaint's RICO claim and its related RICO conspiracy claim in violation of Section 1962(d) should be dismissed. *See Sanford*, 625 F.3d at 559 ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO"); *Vaughan v. Wardhaugh*,

13

2025 WL 251694 (N.D. Cal. Jan 21, 2025) ("because Plaintiffs fail to state a substantive RICO violation under § 1962(c), their RICO conspiracy claim under § 1962(d) also fails"); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. 2017) (same).

### C. THE REMAINING CLAIMS ALL SOUND IN FRAUD AND FAIL TO SATISFY RULE 9(B)

Based on the same deficient fraud allegations which are incorporated by reference, the Complaint also alleges claims for negligent misrepresentation, intentional interference with economic/contractual relationships, aiding and abetting tortious conduct, unfair competition (Cal. Bus. & Prof. Code §§ 17200 *et seq*.), money had and received, and unjust enrichment/quantum meruit/restitution. Although fraud is not an essential element of these claims, the Complaint alleges and relies entirely on a "unified course of fraudulent conduct" as the basis for such claims which subjects them to dismissal under Rule 9(b) for the same reasons as Plaintiff's fraud claim because all these claims "sound in" or are "grounded in" fraud. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir.2003) (if "the claim is said to be 'grounded in fraud' ... the pleading of that claim as a *whole* must satisfy the particularity requirement of Rule 9(b)") (emphasis added).[2]

### D. THE RICO CLAIM IS TIME-BARRED DUE TO PLANITFF'S FAILURE TO EXERCISE REASONABLE DILIGENCE IN INVESTIGATING ITS INJUIRES AND ITS CLAIM

---

[2] *See Puri v. Khalsa*, 674 Fed.Appx. 679, (9th Cir. Jan. 6, 2017) (applying Rule 9(b) to California negligent misrepresentation, interference with prospective economic advantage, and unjust enrichment claims); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-1126 (2009) (same as to California unfair competition claim); *Great American Insurance Company v. Mowforth*, 2020 WL 12216543, (N.D. Cal. Dec. 1, 2020) (same as to unjust enrichment claim); *Fields v. Wise Media, LLC*, 2013 WL 3187414, at *3 (N.D. Cal. June 21, 2013) (same as to money had and received claim); *Morin v. Trupin*, 711 F.Supp. 97, 112-113 (S.D.N.Y. April 13, 1989) (same as to aiding and abetting tortious conduct claim).

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

309524558v.1                                                    2:24-cv-10683-MWC-AJR

In 1987, the Supreme Court held in *Agency Holding Corp. v. Malley-Drift Associates, Inc.*, that a four-year statute of limitations applies to all civil RICO actions. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). A Plaintiff can "plead itself out of court" by alleging facts that establish the statute of limitations as an affirmative defense. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004).

The Ninth Circuit has held that a RICO cause of action accrues when the plaintiff discovers, or reasonably should have discovered, its injury. *Evans v. Ariz. Cardinals Football Club, LLC*, 761 F. App'x 701, 703 (9th Cir. 2019) (internal citations omitted); *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001); *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). Under this rule, a RICO cause of action accrues upon the discovery of the injury even if the plaintiff is unaware that the injury stems from a pattern of racketeering. See, e.g., *Rotella v. Wood,* 528 U.S. 549, 555 (2000) ("[W]e have been at pains to explain that discovery of the injury, not discovery of the other elements of the claim, is what starts the clock"); *Grimmett*, 75 F.3d at 510 ("plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run").

Under the injury discovery rule, a RICO claim that is filed within four years from when the plaintiff discovers its injury may still be time-barred if a reasonable person exercising due diligence would have discovered the injury more than four years before the suit was filed. See, e.g., *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 506-09 (3d Cir. 2006) (discussing objective and subjective components of injury discovery rule, and affirming summary judgment based on statute of limitations); *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 235-36 (3d Cir. 2004) (plaintiff's constructive knowledge of existence of asbestos-containing materials in its buildings, as well as tenant complaints and government information, placed plaintiff on inquiry notice regarding the potential hazards of asbestos-containing materials more than four years before suit was filed); *Mathews*

*v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 251-55 (3d Cir. 2001) (court employed two-step test to determine that plaintiffs were on inquiry notice and held that defendant satisfied its burden to demonstrate warning signs to plaintiffs and plaintiffs failed to satisfy burden to demonstrate due diligence); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998) (plaintiffs RICO claims were precluded because a reasonably diligent investor would have discovered their injury when prospectuses were sent out, more than four years before suit was filed); *Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 411 (5th Cir. 1998) (limitations period started to run when plaintiff purchased real estate fund units where a "simple reading" of the offering circular and subscription agreement would have revealed alleged injury).

Exceptions to the injury discovery rule do not apply to this case. The doctrines of fraudulent concealment, equitable tolling, and equitable estoppel depend on the plaintiff's knowledge or constructive knowledge of the facts supporting his cause of action. *See, e.g., Wolin v. Smith Barney Inc.,* 83 F.3d 847, 852 (7th Cir. 1996), disapproved of by *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997); *Aversano v. Santander Bank, N.A.,* 828 F. App'x 109, 112 (3d Cir. 2020) ("[Plaintiff] must show that he 'could not, by the exercise of reasonable diligence, have discovered essential information' about the alleged violation." (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390 (3d Cir. 1994), overruled on other grounds by *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc), aff'd, 140 S. Ct. 355 (2019)).

Some courts have argued that, like equitable tolling, fraudulent concealment tolls the statute of limitations only if the plaintiff exercised due diligence to discover its claim. E.g., *Forbes v. Eagleson*, 228 F.3d 471, 486-87 (3d Cir. 2000) ("[P]laintiff has the burden of proving fraudulent concealment. . . . The plaintiff must show active misleading by the defendant . . . and must further show that he exercised reasonable diligence in attempting to uncover the relevant facts." (internal citations omitted));

16

*J. Geils Band Employee Ben. Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245,
1252-55 (1st Cir. 1996); see also *Klehr v. A.O. Smith,* 521 U.S. 179, 194 (1997)
(collecting cases).

However, both equitable tolling and fraudulent concealment require the
plaintiff to plead sufficient facts to establish that despite its due diligence, the
plaintiff could not have discovered its RICO claim. *See, e.g., Sidney Hillman Health
Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 930-31 (7th Cir. 2015) ("[A]
plaintiff who invokes equitable tolling to suspend the statute of limitations must
bring suit within a reasonable time after he has obtained, or by due diligence could
have obtained, the necessary information"). Similarly, equitable estoppel, also called
fraudulent concealment, applies only when plaintiffs act with reasonable diligence
to discover and file their claims. See *Klehr*, 521 U.S. at 194-95, 117 S.Ct. 1984 ("[A]
plaintiff who is not reasonably diligent may not assert 'fraudulent concealment.'");
*Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 388 (2010) ("[I]n
a RICO case, the plaintiff must both use due diligence to discover that he has been
injured and by whom even if the defendant is engaged in fraudulent concealment,
and diligently endeavor to sue within the statutory limitations period or as soon
thereafter as feasible."); *Forbes v. Eagleson*, 228 F.3d 471, 486-87 (3d Cir. 2000)
(in considering a summary judgment appeal, the court summarized "[w]e have
indicated that the plaintiff has the burden of proving fraudulent concealment. . . .
The plaintiff must show active misleading by the defendant, . . . and must further
show that he exercised reasonable diligence in attempting to uncover the relevant
facts." (internal citations omitted)); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d
56, 60 (2d Cir. 1998); *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 462
(7th Cir. 1993*); Pocahontas Supreme Coal Co. Inc. v. Bethlehem Steel Corp.*, 828
F.2d 211, 218, 220 (4th Cir. 1987); *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d
502, 512 (D.N.J. 2000) (plaintiffs were not entitled to toll limitations period because
they did not allege that they made "diligent efforts" to uncover disposition of assets);

*Simpson v. Putnam Cnty. Nat'l Bank of Carmel*, 20 F. Supp. 2d 630, 634 (S.D.N.Y. 1998) (plaintiff who did not assert due diligence in uncovering claim may not assert fraudulent concealment).

A plaintiff will not be able to avail itself of equitable tolling if it cannot demonstrate that it exercised reasonable diligence in its effort to investigate its injuries and its claim. *See Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 238 (3d Cir. 2004).

Here, the Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) Plaintiff did not file the Complaint until December 11, 2024, more than 4 years after the commission of the alleged fraud. The Complaint includes three Exhibits purporting to indicate the fraudulent acts of defendants. Exhibit "A" contains the member numbers of 640 members alleged to have falsified their insurance information through a single insurance agent-Defendant Eisworth. Exhibit "B" contains over 58,000 claims that Plaintiffs allege were fraudulently submitted by Defendant SCBH. Exhibit "C" contains 426 fraudulent claims allegedly submitted by defendant Excellence Recovery. Plaintiffs have essentially plead that over 58,000 claims had been submitted and paid out by BCBSOK for over five years without BCBSOK having discovered the fraudulent activity. The Complaint notably lacks any description of action taken on the part of BCBSOK to exercise due diligence in its investigation of claim veracity.

Most courts of appeals, regardless of the accrual rule applied, have adopted a "separate accrual rule" to permit a plaintiff to bring a RICO action each time a plaintiff discovers or should have discovered a new injury caused by a RICO violation. *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). The separate accrual rule is generally limited, however, to situations where there is a new injury from new wrongful conduct; different injuries from the same conduct do not usually permit a separate suit, unless there is a late developing injury that cannot be proven in the

first suit. See, e.g., *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997) (plaintiff must point to a "separable, new predicate act within" the limitations period to take advantage of the separate accrual rule); *Lehman v. Lucom*, 727 F.3d 1326, 1333-34 (11th Cir. 2013) (holding that plaintiff's injury was not new or independent where plaintiff had alleged similar injury in a separate complaint more than four years before his RICO complaint); *McCool Strata Oil Co.,* 972 F.2d 1452,1465 n.10 (1992), (explaining that "a new cause of action accrues only when there is a new instance of wrongful conduct and a new injury"); *Sasser v. Amen,* No. C 99-3604 SI, 2001 WL 764953, at *7 (N.D. Cal. July 21, 2001) (under separate accrual rule, RICO claims against cosmetics distributor time-barred where alleged scheme had been in place for thirteen years, plaintiffs had voiced concerns in the past, and the plaintiffs failed to allege any new and independent injuries), aff'd, 57 F. App'x 307 (9th Cir. 2003).

Here, the separate accrual rule does not apply, as BCBSOK is alleging that all fraudulent claims are the result of the same unlawful conduct on the part of Defendants. Therefore, they are different injuries from the same conduct and the statute of limitations bar this claim.

### E.    ALL OTHER CAUSES OF ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS

#### 1.    Fraud and Fraudulent Concealment

An action for relief on the ground of Fraud accrues at discovery by the aggrieved party and must be brought within three (3) years. (See Code Civ. Proc., § 338(d).) "'The provision tolling operation of [section 338(d)] until discovery of the fraud has long been treated as an exception and, accordingly, this court has held that if an action is brought more than three years after commission of the fraud, plaintiff has the burden of pleading and proving that he did not make the discovery until within three years prior to the filing of his complaint.'" *Samuels v. Mix,* 22 Cal.4th 1, 14 (1999)(internal citation omitted).

The Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) Plaintiff did not file the Complaint until December 11, 2024, more than 4 years after the commission of the alleged fraud. Thus, the Cause of Action for Fraud and Fraudulent Concealment is barred by the statute of limitations.

## 2. Negligent Misrepresentation

In California, the statute of limitations for a negligent misrepresentation claim has either a two- or three-year statute of limitations. Where the essence of the negligent misrepresentation cause of action is negligence, not fraud, a two-year statute of limitations applies. However, where the essence of the negligent misrepresentation cause of action is deceit, a three-year statute of limitations applies. *R Power Biofuels, LLC v. Chemex LLC*, 2016 U.S.Dist.LEXIS 156727, at *1 (N.D. Cal. Nov. 11, 2016).

Defendant's alleged "misrepresentations and concealments" that all services were provided in compliance with all laws and industry standards, were medically necessary, were compensable, that all material information had been disclosed and that all information they caused to be submitted on claim forms was true and accurate is, in essence, an allegation of deceit. As discussed above, the Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) Plaintiff did not file the Complaint until December 11, 2024, more than 4 years after the commission of the alleged deceit. Thus, the cause of action for negligent misrepresentation is barred by the statute of limitations.

## 3. Intentional Interference with Contractual Relationships

The statute of limitations on an action for intentional interference with contractual relations is two years and accrues upon the discovery of the damage by the aggrieved party. Cal. Civ. Proc. Code § 339(1).

Defendants are alleged to have provided financial, housing, and other consideration to BCBSOK members thereby interfering with members obligations

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)

to pay monthly premiums, deductibles, copays, or coinsurance for services. As discussed above, the Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) The Complaint alleges that fraudulent claims were submitted on a near-weekly basis starting before 2021(Complaint, ¶105) and that the Defendants actions were part of a sustained pattern of doing business that was continuously ongoing. (*Id*.) BCBSOK should have discovered the damage when they did not receive the monthly premiums, deductibles, copays, and coinsurance. Plaintiffs did not file the Complaint until December 11, 2024, more than 4 years after the commission of the alleged deceit. Thus, the cause of action for Intentional Interference with Contractual Relationships is barred by the statute of limitations.

### 4. <u>Aiding and Abetting Tortious Conduct</u>

The statute of limitations for aiding and abetting a tort is generally the same as the underlying tort. *Vaca v. Wachovia Mortgage Corp.*, 198 Cal.App.4th 737 (2011).

Here, the allegations are that all defendants intended to defraud BCBSOK. As discussed above, the statute of limitations on fraud has passed. Thus, the Cause of Action for Aiding and Abetting Tortious Conduct is barred by the statute of limitations.

### 5. <u>Violation of Business & Professions Code § 17200</u>

"Any action to enforce any cause of action pursuant to [the Unfair Competition Law] shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208; see also *Rosenberg-Wohl v. State Farm Fire & Casualty Co.,* 16 Cal.5th 520, 523 (2024) (Unfair Business Practices claims subject to four-year statute of limitations). The statute of limitations begins to run when a reasonable person would have discovered the factual basis for the claim or when the plaintiff actually discovered the factual basis for the claim. See *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1195-1196 (2013); *Broberg v. The*

*Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912, 920-921 (2009).

Defendants are alleged to have violated California's Unfair Competition Law by engaging in unlawful, unfair, or fraudulent business acts to interfere with the central purpose of BCBSOK's business, namely fraud, body brokering, and unlawful kickbacks to patients in the form of interfering with members obligations to pay monthly premiums, deductibles, copays, or coinsurance for services. As discussed above, the Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) The Complaint alleges that fraudulent claims were submitted on a near-weekly basis starting before 2021 (Complaint, ¶105) and that the Defendants actions were part of a sustained pattern of doing business that was continuously ongoing. (*Id*.) BCBSOK should have discovered the damage when they did not receive said monthly premiums, deductibles, copays, and coinsurance. Plaintiff did not file the Complaint until December 11, 2024, more than 4 years after the commission of the alleged deceit. Thus, the cause of action for violation of Business & Professions Code § 17200 is barred by the statute of limitations.

**6.  <u>Money Had and Received</u>**

An action for money had and received must be commenced within two years after the money is received. Cal. Civ. Proc. Code § 339(1); *County of San Luis Obispo v. Farnum*, 108 Cal. 567, 568 (1895). But where the common count is to recover money obtained by fraud, then the three-year statute of limitations applies. *Creditors Collection Service v. Castaldi*, 38 Cal.App.4th 1039, 1043 (1995).

Defendants are alleged to have extracted the payments of claims by withholding the truth of the wrongful conduct that was occurring. As discussed above, the Complaint contains a binding admission that the Defendants' conduct started "at least as far back as 2020". (Complaint, ¶99.) Plaintiff did not file the Complaint until December 11, 2024, more than 4 years after the alleged receipt of wrongful payments for claims by any Defendant. Thus, cause of action for Money

Had and Received is barred by the statute of limitations.

### 7. <u>Unjust Enrichment/Quantum Meruit/ Restitution</u>

Section 338, subdivision (d), provides a three-year limitations period for an "action for relief on the ground of fraud or mistake" giving rise to the alleged unjust enrichment. *Federal Deposit Ins. Corp. v. Dintino,* 167 Cal.App.4th 333, 347 (2008). "An unjust enrichment or quasi-contract action in the form of a common count to recover money or other benefit obtained by mistake is governed by the three-year statute of limitations for actions based on fraud or mistake (i.e., § 338, subd. (d))." (*Id.* at 348.)

Defendants are alleged to have unjustly accepted and retained the benefit conferred by BCBSOK when BCBSOK paid to Defendants healthcare claims that were not reimbursable. Whether the allegations amount to mistake or fraud, more than four years has passed since the conduct began. As discussed above, the statute of limitations on fraud has passed. Thus, the cause of action for Unjust Enrichment/Quantum Meruit/ Restitution is barred by the statute of limitations.

## III. <u>CONCLUSION</u>

For the foregoing reasons, BCBSOK's Complaint should be dismissed for failure to state a claim pursuant to Rules 12(b)(6), 8 and 9(b) or, in the alternative because they are time-barred by the applicable statute of limitations.

Dated:  March 10, 2025           **WILSON, ELSER, MOSKOWITZ,
                                  EDELMAN & DICKER LLP**

                                  By:  */S/ Marty B. Ready*
                                  _____
                                  John R. Clifford, Esq.
                                  Marty B. Ready, Esq.
                                  Chelsea Gaudet, Esq.
                                  Attorneys for Defendants,
                                  Everything in Excellence Recovery LLC
                                  and Cari Passmore

DEFENDANTS EVERYTHING IN EXCELLENCE, LLC'S AND CARI PASSMORE'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)
309524558v.1                                              2:24-cv-10683-MWC-AJR

## DECLARATION OF MARTY B. READY

I, Marty B. Ready, declare as follows:

1.     I am an attorney at law, duly licensed to practice in the State of California and before this Court. I am a partner of the law firm Wilson Elser Moskowitz Edelman & Dicker LLP., counsel of record for Defendants Everything in Excellence Recovery, LLC ("EIE") and Cari Passmore ("Passmore" or collectively, "Defendants") in this action. I submit this declaration in support of Defendants' motion to dismiss. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to such facts.

2.     On March 5, 2025, I spoke with counsel for Plaintiff, Benjamin McCoy, to discuss EIE's and Ms. Passmore's intention to move to dismiss the Complaint in this action and the legal and factual basis for this motion. The parties' counsel disagreed about the sufficiency of the Complaint as to EIE and Passmore, and we were unfortunately unable to reach a resolution which eliminates the necessity for Defendants' motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2025 at San Diego, California.


/s/ Marty B. Ready, Esq.
Marty B. Ready, Esq.

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on March 10, 2025, I electronically filed the foregoing

3  through the U.S. Central District Court's electronic transmission facilities via the

4  Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who

5  are determined this date to be registered CM/ECF Users set forth in the service list

6  obtained from this Court on the Electronic Mail Notice List.

7

8                              */s/ Marty B. Ready, Esq.*

9                              Marty B. Ready, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28