JOHN J. SHAEFFER (SBN 138331)
    JShaeffer@FoxRothschild.com
BENJAMIN MCCOY
    BMcCoy@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff
BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, A DIVISION OF HEALTH CARE SERVICE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST BEHAVIORAL HEALTH LLC; EXCELLENCE RECOVERY, LLC; EVERYTHING IN EXCELLENCE RECOVERY LLC; CARI PASSMORE;  RAD LIFE RECOVERY, LLC; BRETT PERSHALL;<br><br>Defendants. | Case No. 2:24-cv-10683<br><br>**JOINT RULE 26(f) REPORT**<br><br>**SCHEDULING CONFERENCE: MAY 23, 2025**<br><br>Judge: Michelle Williams Court |

Pursuant to Federal Rule of Civil Procedure 26(f), Rule 26-1 of the Local Rules for the Central District of California, and this Court's Order Setting Scheduling Conference (ECF No. 28), Plaintiff, Blue Cross and Blue Shield of Oklahoma, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("Plaintiff" or "BCBSOK"), and Defendants South Coast Behavioral Health LLC ("SCBH"), Excellence Recovery, LLC ("Excellence Recovery"), Everything in Excellence Recovery LLC ("EIE"), Cari Passmore ("Passmore"), Rad Life Recovery, LLC ("Rad Life"), and Brett Pershall ("Pershall," and collectively with

PLAINTIFFS' CORPORATE DISCLOSURE STATEMENT

others, "Defendants"), by and through their undersigned counsel, hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference currently scheduled for May 23, 2025 in this matter.

Counsel for Plaintiff and Defendants held telephone conferences on May 6, and May 7, 2025, at which time the following items were discussed:

**A.    Statement of the Case**

 *i.    BCBSOK's Statement (drafted by BCBSOK)*

BCBSOK seeks to recover millions of dollars issued as a result of Defendants' fraudulent scheme to enrich themselves under the guise of treating those suffering from addiction and substance abuse disorder ("SUD"). BCBSOK asserts Defendants utilized body brokers to, *inter alia*, find and fraudulently enroll potential patients in BCBSOK plans, traffic those patients from Oklahoma to California (or Arizona), pay kickbacks to both patients and third-party brokers, and ultimately submitted false and fraudulent claims for payment to BCBSOK.

On March 31, 2025, BCBSOK filed its operative First Amended Complaint ("FAC") asserting claims for (1) Fraud and Fraudulent Concealment, (2) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c), (3) Conspiracy to Violate RICO, 18 U.S.C. § 1962, (4) Negligent Misrepresentation, (5) Intentional Interference with Economic/Contractual Relationship, (6) Aiding & Abetting Tortious Conduct, (7) Violations of Business and Professional Code Section 17200, *et seq.*, (8) Money Had and Received, and (9) Unjust Enrichment/Quantum Meruit/Restitution.

 *ii.    SCBH's Statement (drafted by SCBH)*

SCBH denies all of BCBSOK's fraud and racketeering allegations, including any involvement in illegal marketing or fraudulent enrollment of BCBSOK members or the submission of false claims to BCBSOK resulting from the payment of alleged "kickbacks" to co-defendants or to BCBSOK members in the form of "free" services or "free" sober living housing. While BCBSOK's conclusory and bare-bones First

Amended Complaint is the subject of SCBH's pending motion to dismiss (scheduled for hearing on June 6, 2025) because it fails to allege fraud and racketeering with the required factual particularity, BCBSOK notably does not dispute that plan members treated by SCBH for substance use disorders ("SUD") required and received the medically necessary services provided and billed by SCBH. Thus, this is a case where the evidence will show that BCBSOK's payments to SCBH were covered and reimbursable under the terms of the members' plans.

> iii. *Excellence Recovery, EIE, and Passmore's Statement (drafted by Excellence Recovery, EIE, Passmore, and Pershall)*

Excellence Recovery, EIE, and Passmore deny all of BCBSOK's fraud and racketeering allegations, including any involvement in illegal marketing or fraudulent enrollment of BCBSOK members; the submission of false claims to BCBSOK; the receipt of any "kickbacks" from co-defendants; and the payment of "kickbacks" to BCBSOK members in the form of "free" services or "free" sober living housing. EIE and Passmore are parties to a legal bed reservation agreement with SCBH, and do not bill to the insurance plans of their patients. Thus, they have not submitted any enrollment or claim forms to BCBSOK, fraudulent or otherwise, and are not responsible for collecting copays or coinsurance from patients. As to Excellence Recovery, BCBSOK does not dispute that plan members treated by Excellence Recovery for substance abuse disorders required and received the medically necessary services provided and billed by Excellence Recovery. Thus, BCBSOK's payments to Excellence Recovery were covered and reimbursable under the terms of the members' plans.

> iv. *Rad Life and Pershall's Statement (drafted by Rad Life and Pershall)*

The alleged scheme in the First Amended Complaint centers on the submission of fraudulent enrollment or claim forms—conduct in which Rad Life and Pershall were not involved. Rad Life and Pershall deny all of BCBSOK's fraud and racketeering allegations, including any involvement in illegal marketing or

-3-

fraudulent enrollment of BCBSOK members or the submission of false claims to BCBSOK resulting from the payment of alleged "kickbacks" to co-defendants or to BCBSOK members in the form of "free" services or "free" sober living housing.

### B.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 via 18 U.S.C. §§ 1861-62 and supplemental jurisdiction over BCBSOK's state law claims pursuant to 28 U.S.C. § 1367. This Court also has diversity jurisdiction under 28 U.S.C. § 1332.

### C.    Legal Issues

i.    *BCBSOK:*

a.  Major Factual Issues

i.    Whether and the extent to which the Defendants fraudulently enrolled patients in BCBSOK plans.

ii.    Whether, and the extent to which, the Defendants unlawfully paid or offered items of value to body brokers to recruit, house, and traffic patients.

iii.    Whether, and the extent to which, the Defendants provided cash, free treatment and housing, and other items of value to patients in exchange for enrolling them and then keeping them in treatment.

iv.    Whether, and the extent to which, the Defendants either did not provide treatment billed for or provided treatment and conducted themselves in dereliction of applicable standards.

b.  Legal

i.    Whether Defendants violated The Anti-Kickback Statute, 18 U.S.C. § 1320; The Eliminating Kickbacks in recovery Act, 18 U.S.C. § 220; the Health Care Fraud Statute, 18 U.S.C. § 1347; RICO, 18 U.S.C. § 1962(c); California's Insurance

Anti-Kickback Law, Cal. Ins. Code §§ 750 *et seq.*; California's Anti-Referral Law, Health & Safety Code § 445; the Travel Act, California's Uniform Controlled Substances Act, Health & Safety Code § 11570, and California's Unfair Competition Law ("UCL") as set forth in Business and Professions Code §§ 17200 *et seq*.

    ii.  Whether Defendants fraudulent or negligently misrepresented the services alleged and the extent to which BCBSOK relied upon, and was damaged, as a result of those misrepresentations.

    iii.  Whether Defendants intentionally interfered with health benefit plans entered by BCBSOK and its members.

    iv.  Whether Defendants are liable for money had and money received.

    v.  Whether Defendants have been unjustly enriched by BCBSOK's payments of healthcare claims.

    vi.  Whether Defendants conspired to violate RICO and engaged in a pattern of defrauding BCBSOK into paying healthcare claims.

    vii.  Whether Defendants caused BCBSOK to wrongfully pay healthcare claims on behalf of BCBSOK plans.

    *ii.*    *SCBH's Statement*

SCBH generally agrees with BCBSOK's statement of the factual and legal issues in this action. Additional legal issues include (a) whether and to what extent facially accurate claims to a commercial plan for covered services are made false or fraudulent if the billing provider allegedly failed to disclose its "kickbacks" to marketers or patients; (b) whether and to what extent a commercial plan may recoup overpayments from a provider who provided covered services to a plan member

without knowledge that the member had been fraudulently enrolled; and (c) whether and to what extent a provider's failure to collect deductibles and housing costs up front due to a plan member's financial hardship is a "kickback."

      iii.     *Excellence Recovery, EIE, and Passmore's Statement*

Excellence Recovery, EIE, and Passmore agree with SCBH's Statement above.

      iv.     *Rad Life and Pershall's Statement*

RadLife and Pershall are in agreement with SCBH's Statement above.

**D.    Damages**

BCBSOK seeks the following damages and other relief:

- Damages in the amount of approximately $36,000,000.00, plus treble, exemplary, and punitive damages.
- An order obligating Defendants to disgorge all revenues and profits
- from their scheme;
- For treble, exemplary, and/or punitive damages;
- For pre- and post-judgment interest;
- For civil penalties to the extent the law permits;
- For other statutory remedies available to BCBSOK to the extent the law permits;
- For injunctive relief barring Defendants from continuing their scheme
- and submitting claims to BCBSOK;
- For declaratory relief that any claims previously pending, currently
- pending, and that might be submitted by Defendants, or caused to be submitted by Defendants in the future, are not payable.
- For an award of costs of its suit to the extent the law permits;
- For an award of attorney's fees to the extent the law permits, including as permitted under 18 U.S.C. § 1964(c).

**E.    Parties and Evidence**

1.  <u>List of Parties</u>

- Plaintiff – Blue Cross and Blue Shield of Oklahoma, a division of health Care Service Corporation, a Mutual Legal Reserve Company.

- Defendants – South Coast Behavioral Health LLC, Excellence Recovery, LLC, Everything in Excellence Recovery LLC, Cari Passmore, Rad Life Recovery, LLC, Brett Pershall, and Randall Eisworth.[1]

2.  <u>Percipient Witnesses</u>

- Plaintiff – the parties, ex-employees and contractors, and patients. Non-party witnesses will be disclosed in BCBSOK's initial disclosures after the entrance of a HIPAA-compliant Qualified Protective Order due to the fact a significant number are also former patients who received SUD treatment.

- SCBH – the parties, SCBH employees and contractors, and patients. Non-party witnesses will be disclosed in SCBH's initial disclosures after the entrance of a HIPAA-compliant Qualified Protective Order due to the fact a significant number are also BCBSOK members who received SUD treatment.

- Excellence Recovery, EIE, and Passmore – the parties, EIE employees, Excellence Recovery Employees, Passmore, and patients. Non-party witnesses, to the extent identified, will be disclosed in Excellence Recovery, EIE and Passmore's initial disclosures after the entrance of a HIPAA-compliant Qualified Protective Order.

- Rad Life and Pershall – the parties and Rad Life LLC members. At this time, non-party witnesses are unknown given Rad Life and Pershall's lack of involvement.

---

[1] Plaintiff voluntarily dismissed Defendant, Randall Eisworth, without prejudice on April 21, 2025. (ECF No. 46.)

### 3. <u>Key Documents</u>

The following documents will likely play a key role in resolving one or more of the main issues in this case:

- BCBSOK
  - Claims data and payment documentation.
  - Correspondence between the parties and between/among the defendants and their agents, including internal e-mails, text messages, and social media communications.
  - Bank accounting records showing (i) Defendants' collections of patient cost-shares, (ii) payments of rent, hotel rooms, or housing, (iii) payments to body brokers, third-party marketers, and landlords.
  - Defendants' communications and representations to enforcement authorities and licensing bodies.
  - Marketing and other related vendor agreements and payments.
  - Social media messaging, text messages, and various communication applications like WhatsApp with patients and potential patients.
- SCBH – In addition to documents identified by BCBSOK, (a) plan policies for BCBSOK members treated by SCBH who allegedly received "kickbacks," (b) BCBSOK financial and bank records showing premium payments by BCBSOK members treated by SCBH who allegedly received "kickbacks," (c) BCBSOK policies regarding "waiver" of copayments based on a member's financial hardship and a member's use of sober living housing during outpatient SUD treatment, (d) BCBSOK's documents regarding the timing and substance of its investigation of SCBH, including its interviews of members treated by SCBH, and (e) documents regarding SCBH's alleged certification that

-8-

its BCBSOK claims complied with all applicable laws.

- Excellence Recovery, EIE, and Passmore – In addition to the documents identified by BCBSOK and SCBH above, (a) the legal bed reservation agreement between EIE and SCBH, (b) EIE tenant lease agreements, (c) Assignment of benefits, (d) plan policies for BCBSOK members treated by Excellence Recovery or EIE who allegedly received "kickbacks", (e) BCBSOK financial and bank records showing premium payments by BCBSOK members treated by Excellence Recovery or EIE who allegedly received kickbacks, (f) BCBSOK policies regarding "waiver" of copayments based upon a member's financial hardship and a member's use of sober living housing during outpatient SUD treatment, (g) BCBSOK's documents regarding the timing and substance of its investigation of SCBH, EIE, and Excellence, and (h) documents regarding Excellence Recovery's alleged certification that its BCBSOK claims complied with all applicable laws.

- Rad Life and Pershall – Given Rad Life and Pershall's lack of involvement, additional documents, other than what has been stated by BCBSOK and SCBH are unknown at this time.

4. <u>Corporate Parties' Subsidiaries, Parents, and Affiliates</u>

- BCBSOK – BCBSOK is an unincorporated division of Health Care Service corporation, an Illinois Mutual Legal Reserve Company that has no parent corporation and no publicly-held owners.

- SCBH – SCBH is a California corporation that has no parent corporation and no publicly-held owners.

- Excellence Recovery, EIE, and Passmore – EIE and Excellence Recovery are LLC's registered in the State of Arizona. Passmore is a resident of Arizona.

- Rad Life and Pershall – Rad Life is an LLC registered in the State of

California. Pershall is a resident of California.

**F. Insurance**

1. BCBSOK – no insurance applicable to this case.

2. SCBH – currently does not believe any insurance is applicable to this case because all of BCBSOK's claims sound in fraud.

3. Excellence Recovery, EIE, and Passmore – Excellence Recovery is not currently covered by insurance; EIE and Passmore are being provided a defense under an insurance policy.

4. Rad Life and Pershall – There is no insurance applicable to this case due to the fraud allegations.

**G. Manual for Complex Litigation**

At this juncture, the parties do not believe any portions of the Manual for Complex Litigation are applicable or otherwise appropriate.

**H. Motions**

1. BCBSOK – at this time, BCBSOK does not foresee a likelihood of filing motions seeking to add other parties or claims, transfer venue, or challenge the Court's jurisdiction.

2. SCBH – at this time, SCBH does not believe that it will file motions seeking to add other parties or claims, transfer venue, or challenge the Court's jurisdiction.

3. Excellence Recovery, EIE, and Passmore – at this time, Excellence Recovery, EIE, and Passmore do not foresee filing motions seeking to add other parties or claims, transfer venue, or challenge the Court's jurisdiction.

4. Rad Life and Pershall – currently, Rad Life and Pershall do not foresee filing any motions seeking to add other parties and/or claims, transfer venue, or challenge the Court's jurisdiction.

**I. Dispositive Motions**

1. BCBSOK – BCBSOK is actively opposing Defendants' Motions to

Dismiss. As for summary judgment, at this time, BCBSOK cannot see issues it may move for summary judgment upon. However, after discovery, affirmative summary judgment might be warranted on legal issues regarding payment arrangements with marketers and patients, the availability of potential affirmative defenses, and on damages.

2. SCBH – SCBH's motion to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6) is currently scheduled for June 6, 2025.  Like BCBS, SCBH anticipates filing summary judgment or summary adjudication motions but the substance of such motions will largely depend on the results of discovery.

3. Excellence Recovery, EIE, and Passmore – Excellence Recovery, EIE, and Passmore's motions to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6) are currently scheduled for June 6, 2025.  At the completion of fact and expert discovery, Excellence Recovery, EIE, and Passmore anticipate filing motions for summary judgment and/or adjudication.

4. Rad Life and Pershall – Rad Life and Pershall's motion to dismiss the First Amended Complaint filed pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) is currently set for June 6, 2025. If the motion is not granted, Rad Life and Pershall intend to file a summary judgment or summary adjudication motion depending on what develops during the discovery process.

**J.     Status of Discovery**

BCBSOK believes initial disclosures should be exchanged within 14 days of the Rule 26(f) Conference or the entry of a Qualified Protective Order, whichever is later. SCBH, RadLife, and Pershall, Excellence Recovery, EIE, and Passmore believe that the Rule 26(f) Conference and the parties' initial Rule 26 disclosures should be

continued until after the Court's ruling on Defendants' pending motions to dismiss pursuant to Rules 8 and 9(b) to conserve the parties' resources and because BCBSOK is not  entitled to discovery in a fraud action until it files a valid claim and SCBH intends to file an *ex parte* application to continue the dates of the scheduling conference and initial disclosures on such grounds. Otherwise there are no current or anticipated disputes at this time and the parties have instituted legal holds on all relevant individuals and ensured all text messages, social media communications, e-mails, documents, and the like are preserved.

**K.    Discovery Plan**

The parties currently propose the following schedule for discovery:

- Close of Fact Discovery – May 12, 2026
- Initial Expert Witness Disclosures – April 28, 2026
- Rebuttal Expert Witness Disclosures – May 12, 2026
- Expert Discovery Cut-Off – May 26, 2026
- Last Day to Hear Motions – July 14, 2026

BCBSOK anticipates discovery will be needed on the following topics:

- Significant third-party discovery relating to non-party body brokers, patients, vendors, landlords, treating providers, pharmacies, and other contractors who witnessed misconduct.
- Electronically stored information ("ESI") detailing communications contained in Defendant's third-party applications, text messages, e-mail, and other informal methods to communicate in their day-to-day business operations.
- Defendants' bank and payment records for purposes of *inter alia*, forensic accounting related to kickbacks and the financial connections among the Defendants and former patients/employees.
- Written discovery may include requests for admission, requests for production of documents, and interrogatories.

- Any other non-privileged matter that is relevant to any claim or defense.

SCBH anticipates discovery will be needed on the following topics in addition to those identified by BCBSOK:

- The identity of each BCBSOK member treated by SCBH who was allegedly fraudulently enrolled and/or offered "kickbacks" in connection with such treatment in the form of "free" services or housing;

- BCBSOK's relationship with former co-defendant Eisworth or other brokers or agents in Oklahoma who enrolled the plan members who were treated by SCBH;

- The terms and provisions of BCBSOK plans covering members treated by SCBH, including those governing deductibles and co-payments;

- The nature and substance of BCBSOK's investigation of SCBH prior to filing this fraud and racketeering action; and

- BCBSOK's knowledge and compliance with California law governing a SUD provider who does not collect copayments or outpatient housing costs up front due to a SUD patient's indigency or financial hardship.

Excellence Recovery, EIE, and Passmore anticipate discovery will be needed on the following topics:

- The identity of each BCBSOK member treated by Excellence Recovery who was allegedly fraudulently enrolled and/or offered "kickbacks" in connection with such treatment in the form of "free" services or housing;

- Identification of any EIE employees or agents who hunted down potential patients in exchange for kickbacks, worked with insurance agents to fraudulently enroll individuals in insurance plans or provided "free" housing to BCBSOK members in exchange for kickbacks out of insurance payments.

- BCBSOK's relationship with former co-defendant Eisworth or other brokers or agents in Oklahoma who enrolled the plan members treated by SCBH, Excellence Recovery, and/or EIE;

- The terms and provisions of BCBSOK plans covering members treated by Excellence Recovery or EIE, including those governing deductibles and co-payments;

- The nature and substance of BCBSOK's investigation of Excellence Recovery, EIE, and Passmore prior to filing this fraud and racketeering action, including all witnesses interviewed who provided the purported factual basis for BCBSOK's claims; and

- BCBSOK's knowledge and compliance with California law governing a SUD provider who does not collect copayments or outpatient housing costs up front due to a SUD patient's indigency or financial hardship.

Rad Life and Pershall anticipate discovery will be needed on the following topics:

- Identification of any Rad Life employees or agents who hunted down potential patients in exchange for kickbacks, worked with insurance agents to fraudulently enroll individuals in insurance plans or provided "free" housing to BCBSOK members in exchange for kickbacks out of insurance payments.

- BCBSOK's relationship with former co-defendant Eisworth or other brokers or agents in Oklahoma who enrolled the plan members who were associated with Rad Life;

- The terms and provisions of BCBSOK plans covering members associated with Rad Life, including those governing deductibles and co-payments;

- The nature and substance of BCBSOK's investigation of Rad Life and Pershall prior to filing this fraud and racketeering action; and

-14-

- BCBSOK's knowledge and compliance with California law governing a SUD provider who does not collect copayments or outpatient housing costs up front due to a SUD patient's indigency or financial hardship.

## L.    Expert Discovery

The parties proposed the following deadlines for expert-witness disclosures and discovery:

- Close of Fact Discovery: May 12, 2026
- Initial Expert Witness Disclosures: April 28, 2026
- Rebuttal Expert Witness Disclosures: May 12, 2026
- Expert Discovery Cut-Off: May 26, 2026

## M.    Settlement Conference / Alternative Dispute Resolution ("ADR")

No settlement negotiations have occurred to date. Settlement among the parties is not feasible at this time. The parties request that any mandatory settlement conference/ADR be scheduled for after the close of discovery before a magistrate judge. In the event an earlier conference is desired, the parties will alert the Court and request such a conference.

## N.    Trial Estimate

15-20 days. This estimate is based on the number of witnesses expected to testify, the large number of parties and complexity of claims, the need for expert testimony, and voluminous claims data relevant to this dispute.

At present, the number of witnesses BCBSOK contemplates calling at trial will be greater than 15 and potentially upwards of 30. The number of witnesses SCBH contemplates calling at trial is approximately 10 to 15 with the range depending on the number of BCBSOK member patients who will be called to testify. The number of witnesses Excellence Recovery, EIE, and Passmore contemplate calling at trial is approximately 10 with the actual number dependent on discovery and claims and causes of action at issue. The number of witnesses Rad Life and Pershall contemplate calling at trial is 2 to 3, and they reserve the right to add additional witnesses

depending on the results of the discovery process.

**O.     Trial Counsel**

- BCBSOK – John Shaeffer, Benjamin H. McCoy, and Matthew Follet.
- SCBH – Mark Hardiman
- Excellence Recovery, EIE, and Passmore – John R. Clifford, Marty B. Ready, and Chelsea Gaudet
- Rad Life and Pershall – Karren Kenney

**P.     Magistrate Judge**

The parties do not agree to try the case before a magistrate judge.

**Q.     Independent Expert or Master**

Not needed at this time.

**R.     Schedule Worksheet (attached)**

Counsel agree on the attached scheduling worksheet.

**S.     Other Issues**

1. BCBSOK

   a. Ex-patients are an important category of third-party witnesses in this case. Because the services involved SUD treatment, there are special confidentiality and privacy requirements under HIPAA and the Privacy Rule. The parties will work to submit a HIPAA-compliant QPO to ensure the third-party patients' privacy rights are maintained with the goal of filing it prior to the May 23, 2025 conference.

   b. Many of Defendants' communications and operations occurred on applications using third-party encryption technology and similar applications. To the extent Defendants have not adequately preserved these communications, there may be spoliation issues to address.

   c. The payments Defendants have made to body brokers, marketers, admissions personnel, third-party insurance agents, landlords on

behalf of patients, as well as the funds they have collected from patients, will be important to BCBSOK's case. There may be discovery disputes to the extent Defendants object to the disclosure of such information.

Dated: May 9, 2025

FOX ROTHSCHILD LLP

By: *s/ Benjamin H. McCoy*
Benjamin H. McCoy
bmccoy@foxrothschild.com
John Shaeffer
jshaeffer@foxrothschild.com
10250 Constellation Avenue, Suite 900
Los Angeles, CA 90067
Tel: 310-228-4481
Fax: 310-556-9828

*Attorneys for Blue Cross and Blue Shield of Oklahoma, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company*


LEECH TISHMAN NELSON HARDIMAN, INC.

By: *s/  Mark Hardiman*
Mark Hardiman
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727
Email: mhardiman@leechtishman.com

*Attorneys for Defendant South Coast Behavioral Health, LLC*


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *s/ John R. Clifford*
John R. Clifford
Marty B. Ready
Chelsea Gaudet
401 West A Street, Suite 1900
San Diego, CA 92101-8484
(619) 321-6200 Telephone
(619) 321-6201 Facsimile
Email: John.Clifford@wilsonelser.com
Email: Marty.Ready@wilsonelser.com
Email: Chelsea.Gaudet@wilsonelser.com

*Attorneys for Defendants, Excellence Recovery LLC, Everything in Excellence Recovery LLC, and Cari Passmore*

KENNEY LEGAL DEFENSE

By: *s/ Karren Kenney*
Karren Kenney
2900 Bristol Street, Suite C204
Costa Mesa, CA, 92626
Telephone: (855) 505-5588
karren.kenney@gmail.com

*Attorney for Defendants Brett Persall and Rad Life Recovery*

**FILER'S ATTESTATION OF CONCURRENCE**

I, Benjamin McCoy, attest that I am counsel for Plaintiffs Blue Cross and Blue Shield of Oklahoma, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company. As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.

DATED: May 9, 2025                  /s/    *Benjamin H. McCoy*
                                    BENJAMIN H. MCCOY