Mark Hardiman (SBN 136602)
John Mills (SBN 231107)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone:   (310) 203-2800
Facsimile:    (310) 203-2727
Email: mhardiman@leechtishman.com

Attorneys for Defendant
South Coast Behavioral Health, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST BEHAVIORAL HEALTH, LLC; EXCELLENCE RECOVERY, LLC; EVERYTHING IN EXCELLENCE RECOVERY, LLC; CARI PASSMORE; RAD LIFE RECOVERY, LLC; BRETT PERSHALL; and RANDALL EISWORTH,<br><br>Defendants. | CASE NO.:  2:24-cv-10683-MWC-AJR<br><br>Hon. Michelle Williams<br><br>**DEFENDANT SOUTH COAST BEHAVIORAL HEALTH, LLC'S ANSWER TO BLUE CROSS AND BLUE SHIELD OF OKLAHOMA'S FIRST AMENDED COMPLAINT**<br><br>Action Filed: December 11, 2024<br>Trial Date:    October, 2026 |

Defendant South Coast Behavioral Health, LLC ("Defendant"), by and through its attorneys of record, hereby answers and responds to the allegations of Blue Cross and Blue Shield of Oklahoma's ("BCBSOK") First Amended Complaint, and alleges affirmative defenses, as follows:

1. The allegations contained in Paragraphs 1 through 7 are a

1
SOUTH COAST BEHAVIORAL CENTER, LLC'S ANSWER

characterization of the lawsuit to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1 through 7 and deny such allegations on that basis.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and denies such allegations on that basis.

3. Defendant admits the allegations contained in paragraph 9 that SCBH is a California Corporation that submitted claims for SUD treatment provided to members of BCBSOK health benefit plans. Except as so admitted, Defendant denies the allegations in Paragraph 9.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 10 through 14 and denies such allegations on that basis.

5. The allegation contained in Paragraph 15 is Plaintiff's characterization of the facts to which no response is required. To the extent a response is deemed required, Defendant denies the allegation in Paragraph 15.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies such allegations on that basis.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies such allegations on that basis.

8. Defendant denies the allegations in Paragraphs 18 through 23.

9. Defendants admit the allegations contained in Paragraphs 24 through 25 only to the extent that the jurisdiction requirements in the First Amended Complaint appear to be facially satisfied.

10. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraphs 26 and 27 and denies such allegations on that basis.

11.   Defendant admits the allegation in Paragraph 28 that healthcare providers submit claim forms to BCBSOK for services provided to BCBSOK members. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and denies such allegations on that basis.

12.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 29 through 47 and denies such allegations on that basis.

13.   Defendant admits the allegation in Paragraph 48 that SUD treatment includes various levels of care. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and denies such allegations on that basis.

14.   Defendant admits the allegation in Paragraph 49 that one level of SUD treatment is detoxification that includes the goal of withdrawal management and stabilization. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and denies such allegations on that basis.

15.   Defendant admits the allegations in Paragraph 50 that other levels of SUD treatment include partial hospitalization and intensive outpatient programs. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and denies such allegations on that basis.

16.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 51 and denies such allegation on that basis.

17.   Defendant admits the allegations of Paragraphs 52 through 53.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 through 55 and denies such allegation on that basis.

19. The allegations of Paragraph 56 are Plaintiff's characterization of the facts, legal arguments, or conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 56.

20. Defendant admits the allegations in Paragraph 57 that it offers detox and outpatient SUD treatment. Except as so admitted, Defendant denies the allegations of Paragraph 57.

21. Defendant denies the allegations in Paragraphs 58 through 59.

22. Defendant denies the allegations in Paragraphs 60 through 68.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraphs 69 through 79 and denies such allegations on that basis.

24. Defendant denies the allegations in Paragraphs 80 through 92.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraphs 93 through 94 and denies such allegations on that basis.

26. Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 94, inclusive, in response to Paragraph 95.

27. Defendant denies the allegations contained in Paragraphs 96 through 105.

28. Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 105, inclusive, in response to Paragraph 106.

29. Defendant denies the allegations contained in Paragraphs 107 through

120.

30.  Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 120, inclusive, in response to Paragraph 121.

31.  Defendant denies the allegations contained in Paragraphs 122 through 124.

32.  Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 124, inclusive, in response to Paragraph 125.

33.  Defendant denies the allegations contained in Paragraphs 126 through 130.

34.  Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 130, inclusive, in response to Paragraph 131.

35.  Defendant denies the allegations contained in Paragraphs 132 through 136.

36.  Defendant realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 136, inclusive, in response to Paragraph 137.

37.  Defendant denies the allegations contained in Paragraphs 138 through 142.

38.  Defendant realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 142, inclusive, in response to Paragraph 143.

39.  Defendant denies the allegations contained in Paragraphs 144 through 148.

40.  Defendant realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 148, inclusive, in response to

Paragraph 149.

41. Defendant denies the allegations contained in Paragraphs 150 through 154.

42. Defendant realleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 154, inclusive, in response to Paragraph 155.

43. Defendant denies the allegations contained in Paragraphs 156 through 158.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Plaintiff's claims are barred by the statute of limitations applicable to the Federal and State laws, statutes, and causes of action identified in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. Plaintiff, by reason of its own acts, omissions, representations, and/or course of conduct, has waived its right to assert its claims against Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Each and every cause of action in the First Amended Complaint against Defendant is barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Plaintiff's claims for relief are barred by the doctrine of estoppel in that Plaintiff paid Defendant's claims with knowledge of how Plaintiff provided and billed services and should therefore be estopped from now claiming that such claims were false.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6. Plaintiff failed to mitigate any damages allegedly suffered in the First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acted in Conformity with Laws)

7. The First Amended Complaint, and each and every claim for relief therein, is barred because Defendant at all times acted in conformity with, and reliance upon, applicable rules, regulations and standards, including those governing waiver of member co-share payment obligations and the cost of sober living housing for recipients of SUD treatment in California.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8. Defendant's actions were at all times reasonable and were taken in the good faith exercise of its reasonable and professional judgment and business judgment and, moreover, Defendant at all relevant times exercised due care and acted in good faith regarding all acts alleged in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Willful Breach of Duty)

9. Plaintiff's claims are barred and/or offset by its willful breach of its own duties.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

10. Plaintiff's alleged damages, if any, were proximately caused by the acts and omissions of persons or entities other than Defendant, which acts and omissions constitute intervening and superseding causes of the damages alleged in the First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Negligence)

11. Plaintiff's carelessness and negligence contributed to and/or was the proximate causes of its alleged damages or were the sole cause thereof and, if Plaintiff is entitled to recover damages against Defendant by virtue of the First Amended Complaint, Plaintiff's recovery should be proportionally diminished or extinguished based on the degree of fault attributable to its own carelessness and negligence.

## TWELFTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

12. Plaintiff's claims are barred, in whole or in part, on the basis of ERISA preemption to the extent such claims are governed by ERISA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff authorized, consented to, and/or ratified Defendant's alleged conduct in the First Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Materiality)

14. Plaintiff's claims are barred, in whole or in part, because Defendant's alleged misrepresentations and/or omissions in the First Amended Complaint were not material to Plaintiff's payment of Defendant's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reliance)

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not reasonably rely on Defendant's alleged misrepresentations and/or omissions in the First Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

16. Defendant presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional and as yet unstated affirmative defenses and therefore reserves the right to assert additional affirmative defenses in the event discovery and/or further investigation indicates that such defenses would be warranted.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial on all issues.

## PRAYER FOR RELIEF

Wherefore, Defendant prays:

1. For an order dismissing the First Amended Complaint and holding that Plaintiff shall recover nothing from Defendant;

2. For an order awarding Defendant costs of suit and attorney fees; and

3. For such other and further relief as the Court deems appropriate.

DATED: July 7, 2025          Respectfully submitted,

LEECH TISHMAN NELSON HARDIMAN, INC.

/s/ *M.S. Hardiman*

_____
Mark S. Hardiman

Attorneys for Defendant
South Coast Behavioral Health, LLC