UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Blue Cross and Blue Shield of Oklahoma,<br><br>                Plaintiff,<br><br>        v.<br><br>South Coast Behavioral Health LLC, et al.,<br><br>                Defendants. | Case No. 2:24-cv-10683-MWC-AJR<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1. **GENERAL**

    1.1    <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Notably, discovery will involve significant details regarding medical treatment and health information, which is protected and confidential.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this

1  Order does not confer blanket protections on all disclosures or responses to discovery
2  and that the protection it affords from public disclosure and use extends only to the
3  limited information or items that are entitled to confidential treatment under the
4  applicable legal principles.  The parties further acknowledge, as set forth in Section
5  12.3, below, that this Stipulated Protective Order does not automatically entitle them
6  to file confidential information under seal; Civil Local Rule 79-5 sets forth the
7  procedures that must be followed and the standards that will be applied when a party
8  seeks permission from the court to file material under seal.

9        1.2    <u>Good Cause Statement</u>.

10  This action is likely to involve significant exchanges of confidential and/or
11  proprietary information for which special protection from public disclosure and from
12  use for any purpose other than prosecution of this action is warranted.  Such
13  confidential and proprietary materials and information consist of, among other things,
14  protected health information, confidential business or financial information,
15  information regarding confidential business practices, or other confidential research,
16  development, or commercial information (including information implicating privacy
17  rights of third parties), information otherwise generally unavailable to the public, or
18  which may be privileged or otherwise protected from disclosure under state or federal
19  statutes, court rules, case decisions, or common law.  Accordingly, to expedite the
20  flow of information, to facilitate the prompt resolution of disputes over confidentiality
21  of discovery materials, to adequately protect information the parties are entitled to
22  keep confidential, to ensure that the parties are permitted reasonable necessary uses
23  of such material in preparation for and in the conduct of trial, to address their handling
24  at the end of the litigation, and serve the ends of justice, a protective order for such
25  information is justified in this matter.  It is the intent of the parties that information
26  will not be designated as confidential for tactical reasons and that nothing be so
27  designated without a good faith belief that it has been maintained in a confidential,
28  non-public manner, and there is good cause why it should not be part of the public

record of this case.

**2.    DEFINITIONS**

2.1    Action:  This pending federal action captioned *Blue Cross and Blue Shield of Oklahoma v. South Coast Behavioral Health, et al.*, Civ. No. 24-10683 (C.D. Cal.)

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

Confidential information—whether referred to as "CONFIDENTIAL," "Confidential," or "confidential," with capitalization being irrelevant—includes Confidential Health Information, a subset of Confidential Information, which may be designated as "CONFIDENTIAL" under Paragraph 5 below and subject to all other terms and conditions governing the treatment of Confidential Information. This includes all information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts

3

160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") (*see* 45 C.F.R.§§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a.    names;
    b.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
    c.    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
    d.    telephone numbers;
    e.    fax numbers;
    f.    electronic mail addresses;
    g.    social security numbers;
    h.    medical record numbers;
    i.    health plan beneficiary numbers;
    j.    account numbers;
    k.    certificate/license numbers;
    l.    vehicle identifiers and serial numbers, including license plate numbers;
    m.    device identifiers and serial numbers;
    n.    web universal resource locators ("URLs");
    o.    internet protocol ("IP") address numbers;
    p.    biometric identifiers, including finger and voice prints;
    q.    full face photographic images and any comparable images; and/or
    r.    any other unique identifying number, characteristic, or code.

Nothing in this Order shall authorize or require the Parties to disclose patient records as defined in the Public Health Service Act, 42 U.S.C. § 290dd-2 (the "PHSA'"), the Part 2 regulations, 42 C.F.R. Part 2 ("Part 2") and California Health & Safety Code § 11845.5 ("Section 11845.5") (the "Substance Use Disorder Patient Records") to the

Parties or to any third party. The disclosure of Substance Use Disorder Patient Records shall be governed by separate order(s) of the Court authorizing disclosure, subject to the requirements of the PHSA, Part 2, and/or Section 11845.5, as applicable. Substance Use Disorder Patient Records for which the Court has issued an order authorizing disclosure will be marked and treated as "CONFIDENTIAL" pursuant to this Order.

2.4  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information</u>: extremely sensitive Confidential Information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9  <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party. 2.17 <u>Technical Advisor</u>: any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Protected Material. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

///

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4. **DURATION**

Given the nature of this case and the large volume of protected health information that is likely to be produced and exchanged, the Parties and the Court recognize that there will need to be pre-trial determinations about how to treat Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

1  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as applicable."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or the "HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL legend" or the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, <u>et</u> <u>seq.</u>  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3     Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts and Technical Advisors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.</u>

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Designated House Counsel of the Receiving Party and their support staff (i) to whom disclosure is reasonably necessary for this Action, and (ii) who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts and Technical Advisors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Information and Items may not otherwise be disclosed to anyone else without a Court order, including the officers, directors, and employees of the Receiving Party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYE'S ONLY" that Party must:

(a) promptly notify in writing the Designating Party unless legally barred from doing so. Such notification shall include a copy of the subpoena or court order to subpoena or order is barred from disclosure;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

In the event that a Producing Party inadvertently fails to designate any of its information pursuant to Paragraph 5, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.
It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

///

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4. <u>Inadvertent Disclosure</u>. In the event of an inadvertent disclosure of another party's Protected Material to an individual or entity not authorized to access or receive it under Paragraph 7 above, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Protected Material subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Protected Material by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

///

**13.   FINAL DISPOSITION**

After the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, and certify to the Producing Party such destruction or return. But the provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

///

14. **CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

15. **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

16. **MODIFICATION OF PROTECTIVE ORDER**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or order of the Court.

17. **BINDING EFFECT**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 8, 2025　　　　　　　STRADLEY RONON STEVENS & YOUNG, LLP

　　　　　　　　　　　　　　　　By: /s/ Benjamin H. McCoy
　　　　　　　　　　　　　　　　　　Benjamin H. McCoy
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Blue Cross and Blue Shield of Oklahoma*

Dated: July 8, 2025　　　　　　　LEECH TISHMAN NELSON HARDIMAN, INC.

　　　　　　　　　　　　　　　　By: /s/ Mark S. Hardiman
　　　　　　　　　　　　　　　　　　Mark S. Hardiman
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant South Coast Behavioral Health, LLC*

Dated: July 8, 2025　　　　　　　WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

　　　　　　　　　　　　　　　　By: /s/ Marty B. Ready
　　　　　　　　　　　　　　　　　　Marty B. Ready
　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Excellence Recovery LLC, Everything in Excellence Recovery LLC and Cari Passmore*

Dated: July 8, 2025　　　　　　　KENNEY LEGAL DEFENSE

　　　　　　　　　　　　　　　　By: /s/ Karren Kenney
　　　　　　　　　　　　　　　　　　Karren Kenney
　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Brett Pershall and RadLife Recovery, LLC*

**FILER's ATTESTATION OF CONCURRENCE**

I, Benjamin McCoy, attest that I am counsel for Plaintiff Blue Cross and Blue Shield of Oklahoma. I attest that concurrence in the filing of this document has been obtained from its signatories.

Dated: July8 , 2025　　　　　　　By: /s/ Benjamin H. McCoy
　　　　　　　　　　　　　　　　　　Benjamin H. McCoy

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3  DATED: 7/8/25

HON. A. JOEL RICHLIN
United States Magistrate Judge